Citation Nr: 1817421 
Decision Date: 03/22/18 Archive Date: 04/03/18

DOCKET NO. 14-37 482 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to service connection for an acquired heart condition, to include ischemic heart disease (IHD) and cardiomyopathy, to include as due to herbicide exposure.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. Abrams, Associate Counsel
INTRODUCTION

The Veteran served on active duty from July 1966 to May 1969, to include service in the Republic of Vietnam.

These matters are before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts. In December 2016, the Veteran testified before the undersigned Veterans Law Judge (VLJ) at a central office hearing. In that hearing, the Veteran waived RO consideration of new evidence.

The Veteran initially filed a claim to establish service connection for IHD. In Clemons v. Shinseki, 23 Vet. App. 1 (2009), the United States Court of Appeals for Veterans Claims (Court) held that, in determining the scope of a claim, the Board must consider the Veteran's description of the claim, symptoms described, and the information submitted or developed in support of the claim. Id. at 5. In light of the Court's decision in Clemons and the diagnoses of record, the Board has expanded the Veteran's claim to include all acquired heart conditions, and the issue has been recharacterized as stated on the title page. This will provide the most favorable review of the Veteran's claims in keeping with the Court's holding in Clemons.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In May 2010, June 2010, and June 2016 VA examination reports, it was noted that the Veteran was not diagnosed with IHD. In the May 2010 report, the Veteran was diagnosed with a heart murmur of unclear etiology. In the addendum June 2010 report, the examiner noted that the Veteran had regional wall motion abnormalities, anterior and inferior hypokinesis consistent with possible multi-vessel coronary artery disease (CAD). In the June 2016 VA examination report, the Veteran was diagnosed with cardiomyopathy. In none of these examination reports was an etiology opinion provided relating the Veteran's current heart condition to active service, to include as due to herbicide exposure.

In a December 2014 letter, the Veteran's private cardiologist diagnosed him with chronic systolic heart failure due to a dilated cardiomyopathy of uncertain origin. The private examiner noted that while there may be other factors contributing, it was less likely due to the Veteran's insignificant CAD or hypertension. In the private examiner's opinion, the Veteran's cardiomyopathy was "most likely" caused by toxin exposure, to include Agent Orange exposure. As a result, a new VA examination is necessary to determine what, if any, heart condition the Veteran is diagnosed with, and whether it is etiologically due to active service, to include conceded exposure to herbicide agents.

Accordingly, the case is REMANDED for the following actions:

1. In accordance with the provisions of 38 C.F.R. § 3.159(c)(1), make efforts to obtain all VA and private treatment records concerning this claim.

2. Schedule the Veteran for a VA cardiovascular examination to determine if he is diagnosed with a heart condition, to include ischemic heart disease, cardiomyopathy, or CAD. All pertinent symptomatology and findings must be reported in detail. Any indicated diagnostic tests and studies must be accomplished. The claims file must be made available to the examiner, and the examiner must specify in the examination report that the claims file has been reviewed. 

The examiner is asked to address the following questions: 

1) Whether the Veteran has a current heart condition that can be characterized as ischemic heart disease.

2) Whether it is at least as likely as not (a 50 percent probability or greater) that any diagnosed cardiovascular disorder, constituting ischemic heart disease or otherwise, was incurred in or is related to active duty service, to include herbicide agent exposure therein.

3. After the completion of the above development, and any other development deemed necessary, furnish the Veteran with a supplemental statement of the case and give him an opportunity to respond before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).